UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                           :

FRANK H. FINKEL, JOSEPH A. FERRARA, SR.,
MARC HERBST, THOMAS N. PIALI, GARY LA
BARBERA, THOMAS GESUALDI, LOUIS
BISIGNANO, AND ANTHONY PIROZZI, as
Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282 Vacation
and Sick Leave Trust Fund,

                      Plaintiffs,

     - against -

SEA TRUCKING CO. INC., T & S TRUCKING
CO., INC., HELEN SOLIMINE, AND TONINO
SOLIMINE,

                     Defendants.

-------------------------------------------------------------------- X



Civil Action No.: **CV.07   4771**

SEYBERT, J

ORENSTEIN, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 15 2007  ★

BROOKLYN OFFICE

## COMPLAINT

      Plaintiffs Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Thomas N. Piali,

Gary La Barbera, Thomas Gesualdi, Louis Bisignano, and Anthony Pirozzi, as Trustees and

fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local

282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and

Sick Leave Trust Fund (collectively, the "Funds"), for their complaint allege as follows:

## INTRODUCTION

      This is an action by the Trustees and fiduciaries of employee benefit plans for

injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145.  The

00114525.DOC.1

Trustees seek to collect from defendants, jointly and severally, unpaid contributions owed to the

Funds, along with interest, liquidated damages, audit fees, attorneys' fees and costs incurred in

prosecuting this action.  As set forth below, the Trustees seek to hold defendants Sea Trucking

Co. Inc. ("Sea Trucking") and T & S Trucking Co., Inc. ("T & S") (collectively, the "Corporate

Defendants" or the "Companies") jointly and severally liable based on the alter ego and single or

joint employer relationship that the Companies have shared.  The Trustees also seek to hold

Tonino Solimine, the principal of both Sea Trucking and T & S, and Helen Solimine, the

president of Sea Trucking (collectively, the "Individual Defendants"), jointly and severally liable

with the Corporate Defendants because the Individual Defendants knowingly used their control

over the Corporate Defendants in an ongoing scheme to defraud the Funds of contributions.  In

addition, the Trustees seek to compel an audit of Sea Trucking for the period from March 1,

2006 to date and an audit of T & S for the period from February 28, 1998 to date, as required by

ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining

agreement and to collect any contributions or estimated contributions and attendant damages

identified as due by said audits.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331,

Sections 502(a)(3), 502(e)(1), 502(f) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), 1132(e)(1),

1132(f) and 1145.

2.      Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2), as the Funds are administered in this district.

## THE PARTIES

3.      Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of

- 2 -

Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). Plaintiffs have discretion and control over the assets and administration of the Funds.

4.      The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

5.      Pursuant to the terms of various collective bargaining agreements between Local 282 and various employers (the "Employers"), the Employers, including Sea Trucking, are required to contribute to the Funds on behalf of their employees covered by the collective bargaining agreements.

6.      The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants.

7.      The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

8.      Upon information and belief, Sea Trucking is, and at all times relevant to this action has been, a New York corporation, located at 53 Second Avenue, Brooklyn, New York 11215. Sea Trucking is, and at all times relevant to this action has been, engaged in the business of heavy construction and excavating in the State of New York. Sea Trucking is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of

ERISA, 29 U.S.C. §1002(5), and Article I, Section 1 of the Trust Agreement.

    9.  Upon information and belief, T & S is, and at all times relevant to this

action has been, a New York corporation, located at 53 Second Avenue, Brooklyn, New York

11215.  T & S is, and at all times relevant to this action has been, engaged in the business of

heavy construction and excavating in the State of New York.  T & S has also been engaged in the

transportation of heating oil and oil products in the New York City metropolitan area.  T & S is,

and at all times relevant to this action has been, by virtue of its relationship with Sea Trucking,

an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Article I,

Section 1 of the Trust Agreement.

**FACTUAL BASIS FOR CLAIMS**

The Collective Bargaining Agreements, the Trust Agreement, and
the Obligations to Contribute to the Funds and Submit to Audit

    10. Since February 28, 1998, Sea Trucking has been a party to a series of

collective bargaining agreements (collectively, the "CBAs") with Local 282, I.B.T. ("Local 282"

or the "Union").  The most recent CBAs between Sea Trucking and Local 282 is the July 1, 2006

through June 30, 2009 Metropolitan Trucker's Association & Independent Trucker's Contract

(the "MTA CBA").

    11. At all times relevant to this action, the CBAs have required Employers

that are parties thereto to make contributions to the Funds on behalf of their covered employees,

at specified rates for each hour of covered employment, subject to certain limitations and

premium payments which are set forth therein.

    12. The CBAs bind Employers to the Trust Agreement.  For example, Section

12(G) of the MTA CBA provides that the Trust Agreement is "made a part of this Agreement

with the same force and effect as if fully incorporated herein, and the Employer . . . hereby

- 4 -

agree[s] that, upon the execution of this Agreement, [it] shall be deemed [a party] to said Trust Agreement[]."

13.     The Trust Agreement requires an Employer to submit remittance reports to the Trustees along with each payment to the Funds.  These reports include the Employer's statement of the number of the Employer's employees who are covered by the CBA, the number of hours worked by covered employees, as well as the Employer's contribution obligation to the Funds.

14.     The Trust Agreement requires an Employer to submit to periodic audits of its relevant books and records.  Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

15.     Article  IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

> A.     Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;
>
> B.     Payroll tax records submitted to federal and state governments, including Forms 941 and W-2;
>
> C.     Complete business income tax returns;
>
> D.     Cash disbursement records;
>
> E.     General ledgers;
>
> F.     Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records;
>
> G.     Any other records specifically requested by the Funds' auditors, including the classifications of Employees, their social security numbers, and the amount of wages paid and hours worked.

16.     Article  IX, Section 1(d) of the Trust Agreement additionally provides that

pertinent books and records of an Employer include "the books and records of any business

which is bound by a collective bargaining agreement with the Union which requires

contributions to any of the Funds and any other business entity which is affiliated with such

business and which either: 1) has employed persons who have performed the same type of work

as the employees of the Employer covered by the Union agreement, or 2) is part of a group of

trades or businesses 'under common control,' as that term is used in 29 U.S.C. §1301(b)(1) for

withdrawal liability purposes, which includes the Employer."

       17.     The Trust Agreement requires an Employer to submit to audits in order to

verify that all contributions required under the CBAs have been remitted to the Funds, that such

contributions have been made solely on behalf of individuals eligible to participate in the Funds

and that covered employees are receiving the required benefits and/or credits.

       18.     Article IX, Section 1(f) provides that the Trustees may "apply for and be

entitled to a mandatory injunction directing the Employer to produce its said books and records

for audit."

       19.     Article IX, Section 1(e) of the Trust Agreement further provides that an

Employer who fails to submit the required remittance reports and/or pertinent books and records

within twenty days of written demand must pay an increased monthly contribution, which is

computed by first adding 10% to the number of hours for the month in which the largest number

of hours were reported in the previous twelve (12) remittance reports submitted by the Employer

(hereinafter referred to as the "base month"). This Section of the Trust Agreement further

provides that: (1) in the event that an audit discloses unreported hours for the base month, the

amount of said unreported hours plus 10% thereof shall be added to arrive at the total number of

covered hours, and (2) if there is no base month because there are no previous remittance reports

- 6 -

or audit reports, then the Employer shall be deemed to have the number of employees that the Union reports in writing that the Employer is employing, with each employee deemed to have worked 40 hours per week for the entire unreported period. Once a total number of covered hours is arrived at by the above-described methods, it is then multiplied by the current contribution rates to arrive at the Employer's contribution liability.

20.     Article IX, Section 1(f) of the Trust Agreement additionally provides that an Employer who submits the required remittance reports, but thereafter fails to comply with an audit request within twenty days of written demand, is liable for an additional monthly contribution, which is computed "by taking 50 percent of the number of hours reported for that month and [] multiplying said number of hours by the current contribution rate."

21.     Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the monies due, liquidated damages, attorney's fees, audit fees, filing fees, and costs. Pursuant to the Trust Agreement Article IX, Section 3, interest for contribution obligations that accrue prior to November 1, 2003 is at the rate set forth in Section 5-501 of The New York General Obligations Law. The Trustees interpret Section 5-501 of the General Obligations Law of the State of New York as providing for an interest rate of sixteen percent and shall apply that rate in calculating the interest on any delinquent contributions found to be owing on an audit or estimated audit of defendants for contributions due prior to November 2003. Pursuant to Article IX, Section 3, as amended, interest for contribution obligations that accrue on or after November 1, 2003 is calculated at the rate of 1-1/2 percent per month. Interest is due from the first day of the month when the payment was due to the date when payment is made.

- 7 -

Sea Trucking's Failure to Pay Contributions

22.     Upon information and belief, Sea Trucking has underreported and underpaid its contributions to the Funds.

23.     Upon information and belief, Sea Trucking has engaged in an ongoing practice of paying contractual wages and benefits for some, but not all, of the hours worked by workers in covered employment.  Upon information and belief, Sea Trucking paid workers who performed covered employment either in cash or on checks drawn on a bank account maintained by  T & S, and Sea Trucking failed to report these hours on the remittance reports it submitted to the Funds each month and failed to pay contributions for these hours.

The Relationship Between Sea Trucking and T & S

24.     Upon information and belief, T & S employed drivers engaged in hauling excavated and other construction materials.  In addition, T & S employed drivers engaged in the transportation of heating oil and oil products.

25.     For all material times herein, T & S did not have a CBA with Local 282, independent of its relationship with Sea Trucking as alleged in this complaint.

26.     Upon information and belief, in or around February of 1998, the Individual Defendants entered into an arrangement involving the use of Sea Trucking as a union company to enable T & S to obtain work on jobs for which drivers paid in accordance with Local 282 contracts were sought.  Upon information and belief, as part of this arrangement, some of T & S' drivers would be placed on the Sea Trucking payroll and be treated as being covered by the CBAs for some, but not all, of the time, and other T & S' drivers were never placed on the Sea Trucking payroll and were, therefore, never treated as being covered by the CBA.

27.      Upon information and belief, as set forth below, the Corporate Defendants shared an alter ego, single employer and/or joint employer relationship and, therefore, all driving

performed by drivers employed by the Corporate Defendants, with the exception of driving work by T & S' drivers involving the transportation and delivery of fuel oil, was work performed in employment covered by and subject to the terms of the CBA.

28.     Upon information and belief, Sea Trucking and T & S shared common management.

29.     Upon information and belief, the overall business and financial operations of Sea Trucking and T & S were completely interrelated.

30.     Upon information and belief, Sea Trucking and T & S shared common facilities.

31.     Upon information and belief, Sea Trucking and T & S shared common customers and suppliers.

32.     Upon information and belief, Sea Trucking and T & S shared common equipment.

33.     Upon information and belief, Sea Trucking and T & S shared a common business purpose.

34.     Upon information and belief, Sea Trucking and T & S shared centralized control of labor relations.

35.     Upon information and belief, Sea Trucking and T & S shared common supervisors.

36.     Upon information and belief, Sea Trucking and T & S shared a common pool of employees.

The Role of the Individual Defendants

37.     Helen Solimine is, and at all times relevant to this action has been, a

controlling corporate official of Sea Trucking and, upon information and belief, was responsible for the daily operations of Sea Trucking, and oversaw and/or directed the payment or non-payment of contributions to the Funds.

38.     Tonino Solimine is, and at all times relevant to this action has been, a controlling corporate official of both T & S and Sea Trucking, and, upon information and belief, shared responsibility with Helen Solimine for the daily operations of both T & S and Sea Trucking.

39.     Upon information and belief, Helen Solimine and Tonino Solimine are married to each other.

40.     Upon information and belief, the Individual Defendants were directly involved in the arrangement described above between the Corporate Defendants to defraud the Funds and were knowingly underreporting and underpaying contributions to the Funds.

41.     Helen Solimine personally signed and/or caused to be signed the remittance reports submitted to the Funds on behalf of Sea Trucking.

42.     Upon information and belief, Helen Solimine willfully and fraudulently misrepresented to the Funds the hours worked by the Companies' drivers who performed covered work.

The Failure to Permit an Audit

43.     By letter dated May 14, 2007, the Funds, through their auditors and counsel, requested that Sea Trucking submit to an audit for the period from March 1, 2006 to date.

44.     Although the Corporate Defendants agreed to schedule an audit, they subsequently failed to submit to a complete audit.  Specifically, the Corporate Defendants failed to submit the books and records of T & S and pay amounts which would be due as a result of an

- 10 -

audit and/or estimated audit.

## COUNT I

### AGAINST SEA TRUCKING FOR LIABILITY UNDER THE CBA

45.     Plaintiffs repeat and reallege the allegations of paragraphs 1 to 44 as if fully set forth herein.

46.     Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

47.     Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter or the terms of the plan."

48.     Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that, "[i]n any action brought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan,

1.     the unpaid contributions;

2.     interest on the unpaid contributions;

3.     an amount equal to the greater of

    (i)     the interest on the unpaid contributions; or

    (ii)    liquidated damages . . . in an amount not to exceed 20% of the [unpaid contributions];

4.     reasonable attorney's fees and costs of the action; and

5.     such other legal or equitable relief as the court deems appropriate.

- 11 -

49.     Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g)(1), further provides that "[i]n any action under this subchapter [other than one described in 502(g)(2)] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fees and costs of action . . . ."

50.     Upon information and belief, Sea Trucking has underpaid contributions due and owing the Funds on a systematic and continuous basis since the execution of its CBA on February 28, 1998.

51.     Sea Trucking's failure to remit contributions to the Funds for hours worked by individuals performing covered work constitutes a failure to make contributions in accordance with the terms of the plan documents of the Funds in violation of Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, giving rise to an action under Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

## COUNT II

### AGAINST T & S BASED ON ITS ALTER EGO, SINGLE EMPLOYER, AND/OR JOINT EMPLOYER RELATIONSHIP WITH SEA TRUCKING

52.     The Trustees repeat and reallege the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.     T & S  is jointly and severally liable with Sea Trucking for any underpayments to the Funds and attendant remedial relief under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, based on its alter ego, single employer and/or joint employer relationship with Sea Trucking.

## COUNT III

### AGAINST THE INDIVIDUAL DEFENDANTS BASED ON THEIR SCHEME TO DEFRAUD THE FUNDS

- 12 -

54.     The Trustees repeat and reallege the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.     The Individual Defendants are controlling corporate officials of the Companies, and knowingly committed fraud against the Funds by creating and orchestrating a scheme to underreport the amount of hours worked by drivers in covered employment.  As part of this scheme, the Individual Defendants submitted, or caused to be submitted, remittance reports that deliberately underreported the amount of hours worked in covered employment and underpaid the amounts of contributions owed.

56.     The Funds reasonably relied, to their detriment, on the material and false representations and omissions caused by the Individual Defendants.

57.     The Funds have been harmed by the failure of Defendants to remit contributions for all hours worked in covered employment.

58.     The Individual Defendants are jointly and severally liable with the Corporate Defendants for any contributions due and owing pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, based on their respective roles as controlling officials of the Corporate Defendants and their knowing participation in a scheme to underpay Sea Trucking's contributions to the Funds.

## COUNT IV

### AGAINST ALL DEFENDANTS BASED ON
### THE CORPORATE DEFENDANTS' FAILURE TO SUBMIT TO AUDIT

59.     Plaintiffs repeat and reallege the allegations of paragraphs 1 to 58 as if fully set forth herein.

60.     Sea Trucking and T & S, by virtue of their failure to submit their pertinent books and records for audit, are subject to an injunction ordering them to submit immediately to an audit, and defendants, by virtue of the allegations set forth above, are required to pay the contributions due according to the audits, interest on the delinquent contributions, liquidated damages, audit fees, attorney's fees, and costs.  Sea Trucking must submit to audit for the period from March 1, 2006 to date.  T & S must submit to audit from February 28, 1998 to date.

61.     The Corporate Defendants, by virtue of the allegations set forth above and by virtue of their failure to submit the pertinent books and records within twenty (20) days of written demand, are further jointly and severally liable for an increased monthly contribution for each month during the period for which the books and records were not produced.

62.     In accordance with Article IX, Section 1(e) of the Trust Agreement, for each month in which the Corporate Defendants failed to submit its required remittance reports and/or failed to submit the pertinent books and records to the Funds' auditors within twenty days of written demand, the contributions due under the Trust Agreement provision is computed as stated therein.

63.     In accordance with Article IX, Section 1(f) of the Trust Agreement, for each month in which Sea Trucking did submit its required remittance reports but failed to submit the pertinent books and records for audit within twenty days of written demand, Sea Trucking's increased monthly contribution rate due under this Trust Agreement provision is computed as stated therein.

64.     Defendants are also required to pay interest on monies due, liquidated damages, audit fees, attorney's fees, and costs in accordance with the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

- 14 -

65.     The Corporate Defendants, by failing to submit to an audit, and/or pay amounts due as a result of an audit or estimated audit, and as required by the CBAs and the Trust Agreement, have violated Section 515 of ERISA, 29 U.S.C. §1145, by failing to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and remedies under Section 502(g) of ERISA, 29 U.S.C. §1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment and injunction:

1.     Declaring that Sea Trucking and T & S share an alter ego, single employer and/or joint employer relationship with each other and that, as such, Sea Trucking and T & S are jointly and severally liable for benefit contributions and the attendant damages owed to the Funds for each hour of covered work performed by drivers engaged by either of the Corporate Defendants to perform work covered by the CBAs;

2.     Ordering Sea Trucking, T &S, Tonino Solimine, and Helen Solimine, jointly and severally, to pay to the Funds the unpaid contributions owed for all hours worked in covered employment, plus interest from the first date of the month in which contributions were due through the date of the judgment; plus an amount equal to the greater of either interest on the unpaid contributions or liquidated damages of 20 percent of the unpaid contributions plus attorneys' fees and costs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and Article IX, Section 3 of the Trust Agreement; and

3.     Ordering Sea Trucking to submit to an audit for the period from March 1, 2006 to date;

4.     Ordering T & S to submit to an audit for the period from February 28, 1998 to date;

- 15 -

5.     Ordering defendants, jointly and severally, to pay (i) any delinquencies identified by the audits of their books and records, (ii) interest on the contributions at the rate set forth in the Trust Agreement or amendment thereto, (iii) an amount equal to the greater of interest charged on the unpaid contributions or liquidated damages of 20 percent of the unpaid contributions, (iv) the cost of the audit, and (v) attorneys' fees and costs, pursuant to Sections 502(g)(1) and (g)(2) of ERISA, 29 U.S.C. §1132(g)(1) and §1132(g)(2), and Article IX, Section 3 of the Trust Agreement;

6.     Ordering defendants, jointly and severally, to further pay (i) estimated contributions in an amount computed under Article IX, Sections 1(e) and/or 1(f) of the Trust Agreement for the first day of the period sought to be audited and continuing thereafter, (ii) interest on the contributions at the rate set forth in the Trust Agreement, (iii) an amount equal to the greater of interest charged on the estimated contributions or liquidated damages of 20 percent of the estimated contributions, (iv) the costs incurred in estimating the contributions due, and (v) attorneys' fees and costs, pursuant to Sections 502(g)(1) and (g)(2) of ERISA, 29 U.S.C. §1132(g)(1) and §1132(g)(2), and Article IX, Section 3 of the Trust Agreement; and

      7.      Ordering such other legal and equitable relief as the Court deems

appropriate.

Dated: November 14, 2007
       New York, New York

                           Respectfully submitted,

                       *Elizabeth O'Leary*

Bruce S. Levine (BL 2309)
Elizabeth O'Leary (EO 9323)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiffs