```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FRANK H. FINKEL, JOSEPH A. FERRARA,
SR., MARC HERBST, THOMAS N. PIALI,
GARY LABARBERA, THOMAS GESUALDI,
LOUIS BISIGNANO, AND ANTHONY
PIROZZI, as Trustees and Fiduciaries
of the Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the
Local 282 Job Training Fund, and the
Local 282 Vacation and Sick Leave
Trust Fund,

                    Plaintiffs,

        -against-                              MEMORANDUM & ORDER
                                               07-CV-4771(JS)(ARL)
SEA TRUCKING CO., INC., T&S TRUCKING
CO., INC., HELEN SOLIMINE, and
TOMINO SOLIMINE,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Bruce S. Levine, Esq.
                   Elizabeth O'Leary, Esq.
                   David Ronald Hock, Esq.
                   Thomas N. Ciantra, Esq.
                   Cohen, Weiss and Simon, LLP
                   330 West 42nd Street
                   New York, NY 10036

For Defendant:     Christopher A. Smith, Esq.
                   Seth Ptasiewicz, Esq.
                   Trivella, Forte & Smith, LLP
                   1311 Mamaroneck Avenue, Suite 170
                   White Plains, NY 10605

                   Jeffrey H. Lichtman, Esq.
                   Law Offices of Jeffrey Lichtman
                   750 Lexington Ave, 15th Fl.
                   New York, NY 10022

                   Marc A. Fernich, Esq.
                   Law Offices of Marc Fernich
```

750 Lexington Avenue, 15th Fl.
New York, NY 10022

SEYBERT, District Judge:

Plaintiffs, the Trustees of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, "Plaintiffs"), sued Defendants Sea Trucking Company, T&S Trucking Company (with Sea Trucking, the "Corporate Defendants"), Helen Solimine and Tonino Solimine for unpaid contributions under the Employee Retirement Income Security Act ("ERISA") and other relief. Pending before the Court is Defendants' motion to stay this case pending Mr. Solimine's criminal sentencing, currently scheduled for March 18, 2011. For the reasons set forth below, the motion to stay is GRANTED.

BACKGROUND

The Court only sets forth the facts required to put this motion into context. Briefly, Plaintiffs allege that the Corporate Defendants failed to make required monthly contributions in connection with their work in the heavy construction industry. (Pl. Opp. at 1.) Plaintiffs further allege that Mr. Solimine is jointly and severally liable with the Corporate Defendants because he manipulated the Corporate Defendants in a scheme to defraud Plaintiffs. (Id.)

2

Mr. Solimine was indicted in 2007 in connection with an oil-skimming scheme he allegedly participated in with T&S Trucking, which in addition to its construction work was also involved in the fuel oil delivery business. (Pl. Opp. at 1.) He awaits sentencing on charges that arose out of that scheme.

Plaintiffs have sought discovery in the civil case, and have demanded that Mr. Solimine be deposed. (Deft. Br. at 2.)

## DISCUSSION

Although not constitutionally required, a district court may stay a civil action pending the conclusion of a related criminal proceeding. See, e.g., Kashi v. Gratos, 790 F. 2d 1050, 1057 (2d Cir. 1986); Bristol v. Nassau, No. 08-CV-3480, 2010 WL 1660238, at *1 (E.D.N.Y. Apr. 22, 2010). In evaluating whether a stay is appropriate, courts consider the following factors: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the courts and the public." In re Air Cargo Shipping Services, No. 06-MD-1775, 2010 WL 5027536, at *1 (E.D.N.Y. Dec. 3, 2010). A court's "basic goal" in balancing these factors is to avoid prejudice.

3

Volmar Distribs., Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

The Court finds that a stay is appropriate, chiefly because the issues in the civil and criminal cases overlap and because Plaintiffs are unlikely to be significantly prejudiced by the delay. In the civil case, Mr. Solimine is alleged to have schemed to defraud Plaintiffs out of monthly contributions required by certain labor contracts. In the criminal case, he awaits sentencing for his role in an oil-skimming scheme. Although these frauds are not identical, it is fair to assume that Mr. Solimine's alleged dishonesty in connection with the oil-skimming scheme would likely be relevant to Plaintiffs' theory of fraud in the civil action, and would thus be fair game in discovery. Further, Plaintiffs have not shown that they will be significantly prejudiced by a stay pending Mr. Solimine's sentencing, which is scheduled for March 18, 2011. If the sentencing is adjourned for a substantial period, Plaintiffs may apply to lift the stay.

## CONCLUSION

The Court has considered the remaining factors and finds that, on balance, a stay is warranted for the reasons described above. Accordingly, it is hereby ORDERED that this case be STAYED pending Mr. Solimine's sentencing, which is currently scheduled for March 18, 2011. If the sentencing is

adjourned for a substantial period, Plaintiffs may apply to lift the stay with a letter to the Court. At this time, the Court does not contemplate further briefing on this issue. Defendants' request for leave to file a reply (Docket Entry 31) is DENIED AS MOOT.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 28, 2011
Central Islip, New York